RAMÓN RIVERA VELÁZQUEZ, Plaintiff and Appellee, *v.* SUSANA TORRES RUIZ, Defendant and Appellant.

No. 4628. Argued February 20, 1929.—Decided April 4, 1929.

*Agustín E. Font* for the appellant. *Felipe Colón Díaz* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Ramón Rivera Velázquez brought an action for divorce in the District Court of Ponce against Susana Torres Ruiz

and alleged that the plaintiff and the defendant were married; that they contracted marriage in August of 1918 after having lived in concubinage for eighteen years and procreated eight children; that without cause or reason the defendant abandoned the plaintiff and the conjugal home in 1922 and went to Arecibo without the plaintiff's permission and has not returned to the home notwithstanding the negotiations of the plaintiff.

The defendant denied the essential facts of the complaint and alleged as special defense that she desired to live with her husband and in their home; that she went to Arecibo by the advice and with the consent of the plaintiff after the sale of a house belonging to her, with the proceeds of which she paid some debts, gave a sum to her son, invested the remainder in establishing a business in Arecibo, in accordance with the suggestion of her husband, and paid the expenses of her children; that she could not continue the business, but returned to Ponce and asked her husband to support her and the children, which he did not do; that in July of 1926 she went with her children and her furniture to the farm of her husband and he refused to receive her.

Under these circumstances the case went to trial and the parties introduced their evidence. The court rendered judgment sustaining the complaint on the ground of abandonment and this appeal was taken by the defendant from that judgment.

The only error assigned is that the judgment is contrary to the evidence.

The evidence in the case was contradictory.

The plaintiff, Ramón Rivera, testified that his wife, the defendant, was living in Ponce with seven of their children in a house that he had rented; that in 1922 or 1923 she went to Arecibo without asking his permission, leaving the children in the care of the servant; that of the children three were under five years of age; that the mother did not come to see them and the witness had to take them to the home

of América Fiol with whom they remained six or seven months; that the defendant had a hotel in Arecibo for fifteen or sixteen months, but gave up the hotel, returned to Ponce, was there two weeks and went to Río Piedras where she remained a year, and that she and the witness have not lived together since 1922. On cross-examination he testified that he had not requested the defendant to return to the home, nor disturbed himself about her since she left, nor commissioned anybody to treat with her, nor believes it possible to live with her again; that on one occasion she took two of the smallest children to Arecibo and kept them there two or three months and they have not returned to the custody of the witness.

Constanza Pérez testified that she was employed by the plaintiff, Ramón Rivera, to take care of the children in Mayor Cantera street, Ponce; that during the three months of her employment Susana Torres did not come to the house; that she worked there about four and a half years ago; that there were seven children, naming them; that later Ramón Rivera took two of the children with him to the country and left the others with América Fiol.

América Fiol, a witness for the plaintiff, testified that she has always lived in Ponce; that she knew Ramón Rivera and Susana Torres; that Rivera once spoke to her about taking four of his children to her, as he did, and the children were in the house of the witness three or four months; that the father used to visit them and the mother, Susana Torres, who was in Arecibo, came once and asked for them and took the furniture which she said was hers, and Ramón Rivera was not present and knew nothing about it; that when Susana came she inquired about the children and said that she was going to take them to Arecibo, but the children were spending their vacation in the country, and she said that it would not be surprising that she should return to live in Ponce; that she did not seek the husband, but asked whether he came to see the children.

Pablo Pagán testified that he resided in Arecibo where he

knew Susana Torres who kept there the Hotel Ponce in which the witness lived for eight months as a boarder and during that time he never saw Ramón Rivera there; that Susana Torres told him that she was from Ponce and had been divorced from her husband and had abandoned a comfortable home, but did not tell him the name of her husband or how long she had been divorced or the reason for the divorce; that he had intimate friendship with Susana Torres and used to help her in entering the names of travelers in the books.

Pedro Rivera of Arecibo, who was employed in the hotel which Susana Torres had there, testified also that she said that she was divorced and that Ramón Rivera never went to the hotel, but went to look for the witness and Pablo Pagán two days before this trial; that he worked in the hotel in 1923 and that Susana had there two children who called her mamma; that Ramón Rivera did not go to Arecibo, and that Susana said that she had been divorced.

Luis Caraballo of Ponce testified that Susana Torres called him one day and offered to sell him some furniture and three days later when the witness went to the house Susana had gone.

Manuel Narváez of Ponce testified that he knew Ramón Rivera and Susana Torres who lived in Guaraguao and that she came to Ponce; that on one occasion he was going to Rivera's house and Susana was traveling with a gentleman and that they fired a shot; that the witness has been foreman for Ramón Rivera and now lives on his plantation; that the night of the shot the weather was clear and he saw the lady in the automobile but not the dress she was wearing; that Ramón was living alone on the plantation.

Maximiliano Hernández testified that in 1922 he was living in Principal Cantera, Ponce, and there became acquainted with Ramón Rivera and Susana Torres and used to visit them; that at the beginning of 1922 Susana asked him to sell a house for her, but the witness spoke to Ramón Rivera and he did not want to sell; that Susana told the witness

that she was going to Arecibo and the next day he saw her in an automobile; that the witness went later to Arecibo and stopped one day at the Ponce hotel kept by Susana; that the witness is a close friend of Ramón and his wife.

The following testimony was given for the defendant:

The defendant, Susana Torres, testified that she lived with Ramón Rivera and later married him and they lived on the farm; that during school season the witness lived in Ponce in her own house which she sold later because her' husband told her to sell it in order to establish a profitable business; that out of the proceeds of the sale she paid five hundred dollars owed by her husband to the Banco Ahorro Ponceño; that her husband had about eleven thousand dollars belonging to the conjugal partnership; that out of the proceeds of the sale she gave one thousand dollars to her son Ramón for his education, paid the said five hundred dollars and with the remainder paid the house in which she left the children and went to Arecibo on the advice of her husband that she go there and establish a business, and she opened the hotel, leaving the children in Ponce because it was the school season; that she used to come to Ponce every fifteen days to see her children and give them shoes, clothes and money; that on going to Arecibo she did not break relations with her husband who stayed on the plantation and sent nothing to his children; that she was a year in Arecibo and failed in her business; that she returned to Ponce and went to her husband who did not speak to her because he did not desire to have anything to do with her, nor want her to go there, and she then went to Río Piedras with her children and was there one year, returning later to Ponce with her children for whom her husband used to send money; that later she sent her furniture to the house of her husband in the country, but he refused to receive it, and she went with her children in an automobile and he refused to receive her and the children, and they gave her the keys of a house in Ponce where she is now; that she does not want to be divorced but her husband

does; that when she went to Arecibo she had a child three years old, another five years old, another six years old, another ten years old, another fifteen years old and another eighteen years old and left them with a woman whom she paid and who was her cook; that eight days after she went to Arecibo she returned to Ponce to see her children, went again to Arecibo and two months later returned to get the children; that the children were in the home of América Fiol because the husband of the witness took them there, and remained there some months; that before her marriage the witness lived in the country in the house of Ramón Rivera and when she moved to Ponce it was for having the children in school, Ramón Rivera paying the expenses; that Ramón had a violent temper and always has had mistresses and on coming home used to threaten the witness and struck her many times; that when she was in Arecibo she wrote several letters to her husband who did not answer her; that they had separated amicably on account of a quarrel, because he had a mistress and he told the witness to leave.

Rafael Escobar testified that Susana Torres had engaged his truck to send some furniture to Guaraguao to the plantation of Moncho Rivera and Rivera refused to receive it; that this occurred in 1926.

Enrique Rivera is a son of the parties to this action, a boy twelve years old. He did not know what is an oath and was instructed. He said that his mother sent the furniture to the country and his father refused to receive it; that the witness was going, and they returned to the city.

Julio César Conde, the owner of the truck in which the furniture was sent, testified to the sending of the furniture and the refusal of Rivera to receive it.

Apart from the documentary evidence, this was the evidence in the case. The possible contradiction was adjusted by the judge and there is nothing to indicate passion, prejudice, partiality or manifest error.

The general inference from the case is that the defendant

abandoned the conjugal home, went to Arecibo, then to Río Piedras, then returned to Ponce, and then, after an absence of several years, attempted to return to the home of her husband and he refused to receive her.

In *Catinchi* v. *Catinchi*, 27 P.R.R. 386, we held that the intention to abandon may be inferred generally from the act of abandonment and that an effort at reconciliation is necessary when the intention to abandon is not certain. Applicable to the case is the doctrine of this court in the case of *Negroni* v. *Collazo*, 26 P.R.R. 85, that a firm and steadfast determination on the part of one of the spouses not to live with the other, kept up for more than one year, is what constitutes abandonment as a cause for divorce.

In *Jirot* v. *Crispín*, 23 P.R.R. 764, it was held by this court that the firm and decided determination of one of the spouses not to live with the other and comply with the duties imposed by the natural and civil law, persisted in for more than one year, constitutes abandonment. It was said in the same case that the refusal of the other spouse was an indispensable requisite and that the time begins to run from the time such refusal is manifested.

In weighing the evidence in this case the judge undoubtedly took into account the attitude of the woman who left her husband and children, some of these of tender age, and passed several years away from the home. The judge gave credit to the testimony of the husband and the witnesses which he was in a better position to weigh and appreciate than we are. A reading of his opinion will show this.

We do not believe that it should be required of a husband who is found in these circumstances to go to such lengths in his effort at reconciliation in order to reconstruct his home that his dignity should be offended and that as a logical consequence he should suffer the loss of all respect due to him as head of the family.

The trial court weighed the evidence and with justice and

discretion found for that of the plaintiff as the basis of its judgment.

The judgment appealed from must be affirmed.